UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALDEI ANTONIO LOPES,

        Plaintiff,

                                                   CASE NO. 1:26-cv-01225

v.

                                                   HON. ROBERT J. JONKER

KEVIN RAYCRAFT et al.,

        Defendants.

_____/

## <u>ORDER</u>

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention.

At the time the petition was filed, and at the time Respondents responded to the Court's show cause order, the Sixth Circuit had not yet addressed whether individuals such as Petitioner—who are apprehended in the interior of the United States after originally entering without inspection—are detained under 8 U.S.C. § 1225(b)(2) or under 8 U.S.C. § 1226.  Recently, that changed.  *See Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026) (holding that such individuals are detained under § 1226 and are therefore entitled to individualized bond hearings).  Since *Lopez-Campos* was decided, the Government has represented to the court, in other cases, that it will provide bond hearings to detainees who are being detained under § 1226, provided that such a hearing is requested.  *See, e.g.*, *Vasquez-Boyatt v. Mullin*, No. 2:26-cv-00117, ECF No. 8, PageID.5 (W.D. Mich. May 14, 2026).  It seems likely that Respondents would do the same for Petitioner, but Respondents have not explicitly said so in this case.

So that the Court can move forward in this case, the Court directs the parties to file separate status reports addressing their current positions in light of *Lopez-Campos*.  Each report must also state the following: (1) whether Petitioner has requested a bond hearing; (2) whether Respondents have agreed to provide one; (3) whether a bond hearing has been scheduled or completed; and (4) whether any issues remain for adjudication in this habeas action.  The status reports shall be filed within ten days of this order (using the counting rules of Federal Rule of Civil Procedure 6).

**IT IS SO ORDERED.**

Dated:   May 28, 2026                              /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE

2